**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAIRUS MOORE, | : | |
| GDC No. 1098152, | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-4002-TWT-JSA |
| DENNIS BROWN, Warden, | : | |
|    Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Hayes State Prison in Trion, Georgia, has filed this federal habeas corpus action in which he attempts to challenge his 1998 DeKalb County convictions and sentences. The matter is presently before the Court on: (1) the petition [Doc. 1]; (2) the answer-response [Doc. 6]; (3) Respondent's motion to dismiss the petition as untimely with brief in support and accompanying exhibits [Docs. 7, 8]; (4) Petitioner's motion to grant the petition as timely [Doc. 9]; (5) the response in opposition to Petitioner's motion [Doc. 11]; and (6) Petitioner's brief in support of his habeas petition [Doc. 12].

I.  Procedural History

Following a jury trial in 1998, Petitioner was convicted in the DeKalb County Superior Court of rape, two counts of aggravated sodomy, four counts of

aggravated assault, and two counts of possession of a firearm during the commission of a crime, and was sentenced to life imprisonment. *Moore v. State*, 539 S.E.2d 851, 854 (Ga. Ct. App. 2000) (Doc. 1 at 1; Doc. 8, Attach. 4 at 3).[1] On September 27, 2000, the Georgia Court of Appeals affirmed Petitioner's convictions and sentences, and the Georgia Supreme Court denied his petition for certiorari on April 30, 2001. *Moore*, 539 S.E.2d 851; (Doc. 8, Attach. 2). Petitioner did not seek certiorari with the United States Supreme Court.

Petitioner filed a state habeas corpus petition in the Chattooga County Superior Court on August 21, 2009. (Doc. 8, Attach. 3). Following an evidentiary hearing, the state habeas court denied the petition on July 25, 2013.[2] (Doc. 8, Attach. 4). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal that denial on November 4, 2013. (Doc. 8, Attach. 5).

---

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

[2] The state habeas hearing was held on December 11, 2012. (Doc. 8, Attach. 4). It is not clear from the record why there was a three-year delay between Petitioner filing the petition and the evidentiary hearing.

2

Petitioner signed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on November 26, 2013. (Doc. 1). In the instant action, Petitioner attempts to challenge his 1998 DeKalb County convictions and sentences in this Court. For the reasons set forth below, the undersigned **RECOMMENDS** that the petition be dismissed.

II.  Discussion

A.  The Instant Petition is Untimely.

Petitioner's challenge to his 1998 convictions is untimely. Section 2244(d)(1) of Title 28, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), contains a one-year limitation period for all prisoners seeking to challenge, via 28 U.S.C. § 2254, the validity of a state court conviction. The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  In this case, Petitioner's convictions became final on July 30, 2001,[3] the last day that he could have sought review from the United States Supreme Court.  *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review' – when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires.").  Accordingly, Petitioner had until July 30, 2002, to file a federal habeas petition.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year

---

[3] Because the last day that Petitioner could have sought certiorari fell on a Sunday, Petitioner had until the next day, or until Monday, July 30, 2001, to file his petition.  *See* Sup. Ct. Rule 30(1).

4

limitation period. The tolling provision embodied in § 2244(d)(2) does not apply to the August 21, 2009, filing of Petitioner's state habeas petition, as the limitation period had expired over seven years earlier. *See Neal v. Secretary, Dep't of Corr.*, 271 F. App'x 893, 896 (11th Cir. 2008) ("'A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).[4] Petitioner signed this federal habeas petition on November 26, 2013, over eleven years after the limitation period expired. The instant petition, therefore, is untimely.

### B. The Petition Is Untimely Even If 28 U.S.C. § 2244(d)(1)(D) Applies.

Petitioner first argues that the limitation period should have begun on the date that he diligently could have "discovered" the facts underlying his claim under § 2244(d)(1)(D). (Doc. 9). These "facts" comprise the basis for his claim of an improper jury array, and he relies on *Edwards v. Lewis*, 658 S.E.2d 116 (Ga.

---

[4] Moreover, because the state habeas court found that the petition was untimely, it was not "properly filed" under § 2244(d)(2)'s tolling provision. *See Rich v. Secretary for Dep't of Corr.*, 512 F. App'x 981, 983 (11th Cir. 2013) (holding the petitioner's post-conviction motion was not "properly filed" under § 2244(d)(2) because "'[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

5

2008), in which the Georgia Supreme Court discusses the alleged improper racial composition of DeKalb County's jury pool in 2001. Petitioner has provided no facts indicating that he was diligent in discovering these facts, and it is not clear that the facts of *Edwards* would constitute a "factual predicate" for Petitioner's case.[5] Nevertheless, assuming for the sake of argument that § 2244(d)(1)(D) were to apply, the limitation period would have begun on February 25, 2008, the date of the Georgia Supreme Court's decision in *Edwards*. The instant petition, filed over five and a half years later, still would be untimely.[6]

C.   Petitioner Has Failed To Demonstrate That He Is Actually Innocent.

Petitioner also claims that he is actually innocent of the 1998 convictions and sentences. A "credible showing of actual innocence" may serve as a gateway for consideration of constitutional claims otherwise time-barred under the one-year

---

[5] Indeed, the argument in *Edwards* was that DeKalb County should have updated its data for summoning jurors by using the 2000 Census, which indicated that there was a dramatic shift in the racial composition of DeKalb County when compared to the 1990 Census that DeKalb used at the time of Edwards' 2001 trial. *Edwards*, 658 S.E.2d at 118. As Petitioner was convicted before the 2000 Census was conducted, this argument would not appear to apply to him.

[6] Under this scenario Petitioner's state habeas petition, filed over a year and a half later on August 21, 2009, still would not have tolled the limitation period. *See Neal*, 271 F. App'x at 896.

6

limitation period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1932-35 (2013). A petitioner claiming that he is actually innocent must show factual innocence rather than legal innocence, vis-a-vis "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" which demonstrates that "it is more likely than not that no reasonable juror would have convicted him" of the underlying offenses in light of the new evidence. *Id.* at 1934 n.1; *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

      Here, Petitioner does not present any new, reliable evidence to support an actual innocence claim. Instead, he merely makes legal arguments based on the racial composition of the jury and his counsel's failure to raise that issue at trial. This alleged evidence is neither new or reliable; nor does it constitute factual innocence under *Schlup*. *See*, *e.g.*, *Clark v. Lewis*, 1 F.3d 814, 825 (9th Cir. 1993) ("[T]he jury pool composition does not bear on [the defendant's] actual innocence of the underlying crimes[.] . . ."). Thus, Petitioner has not established that he is

actually innocent of the 1998 convictions and, accordingly, the instant petition is time-barred.[7]

III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss the petition as untimely [Doc. 7] be **GRANTED**, that Petitioner's motion to grant the petition as timely [Doc. 9] be **DENIED**, and that the instant petition [Doc. 1] be **DISMISSED** as untimely.

IV. Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive

---

[7] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), Petitioner does not present any extraordinary circumstances that would indicate that he seeks equitable tolling or that any such equitable tolling would apply.

8

procedural ruling by the district court is debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that the petition is untimely.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 17th day of July, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

9